UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMECIA FROST | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION OF MINNESOTA | * | |
| And XYZ INSURANCE COMPANY | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota (hereinafter "Target"), defendant in the above captioned matter, who hereby requests this Honorable Court to remove that certain matter styled "Tamecia Frost versus Target Corporation of Minnesota" from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Middle District of Louisiana, on the following grounds, to-wit:

1.

On or about October 8, 2019 plaintiff filed a petition for damages against named defendants Target Corporation of Minnesota and XYZ Insurance Company. Plaintiff Tamecia Frost alleged that she received personal injuries as a result of being struck by falling merchandise on or about October 31, 2018 at a Target store location in Baton Rouge, Louisiana.

2.

Plaintiff alleged that she is domiciled in the Parish of Baton Rouge, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Target Corporation of Minnesota, a/k/a Target Corporation, is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Therefore, Target is a citizen of the State of Minnesota. Defendant XYZ Insurance Company was sued under a fictitious name. Under 28 USC § 1441 (a) the citizenships of defendants sued under fictitious names are disregarded for removal purposes.

4.

Plaintiff and defendant are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PRUSUANT TO 28 U.S.C. § 1332.**

5.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

    A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiff was seeking in the state court proceeding, i.e., the amount

in controversy. The petition only made generic allegations of damages that Tamecia Frost suffered personal injuries that resulted in past, present, and future physical pain and mental pain and suffering, physical disability and/or impairment, past, present and future loss of wages and/or income, loss of future earning capacity, and loss of enjoyment of life.

7.

The allegations of the state court petition further alleged that the amount in controversy did not exceed the threshold contained in 28 U.S.C. § 1332. Thus, the action was not removable at the time of its filing. However, since the filing of the petition for damages, and within the last 30 days, Target has received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. Target is informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

8.

The "other papers" received by the defendant Target consisted of deposition and/or the transcript of plaintiff's deposition taken on September 8, 2020. In this regard, prior to plaintiff's deposition, Target commenced with written discovery to plaintiff. Plaintiff responded to the discovery denying she was making a lost wage claim, and identified medical providers who treated her for claimed injuries from the Target incident. Plaintiff also provided a report dated April 24, 2019 from Dr. Kevin McCarthy indicating that plaintiff underwent a March 2019 cervical spine study and that after the examination Dr. McCarthy's impression of plaintiff's condition was C4-5 stenosis, and C3 through 6 disc bugling with foraminal narrowing. No

mention was made in this report of the Target incident. Dr. McCarthy recommended treatment options such as injections, therapy and medication.

9.

Upon receipt of the discovery responses, Target issued a subpoena for Dr. McCarthy's records and received a response to same in early May 2020. The records received in response to the subpoena indicated that plaintiff returned to the Bone and Joint Clinic on October 17, 2019 identifying the Target incident as the source of her complaints. After review of her complaints and an exam the impression was right cervical radiculopathy, C3-4 herniation, and C4-5, and C5-6 disc bulges. A cervical epidural injection was recommended. Said injection was conducted in December 2019 and when plaintiff returned for a follow up on January 6, 2020 reporting only 10% relief, Dr. McCarthy opined that plaintiff was a likely candidate for a fusion.

10.

After receipt of those records and considering plaintiff's allegation of the petition that the damages did not meet the threshold of 28 U.S.C. § 1332, Target served a Request for Admissions on plaintiff on May 15, 2020, requesting that plaintiff admit that the damages sought against Target do not exceed $75,000 exclusive of interest and costs. On July 29, 2020 plaintiff responded admitting that the damages did not exceed $75,000, but reserved the right to change the response.

11.

Plaintiff as noted above was deposed on September 8, 2020. During said deposition plaintiff responded that her complaints regarding her asserted injuries of left leg pain, neck pain,

headaches, and tingling and numbness into her fingers were worse than ever, and only have gotten worse over time. She now was considering pursuing a lost wage claim, believing that her employer at the time of the Target incident terminated her due to missed time from her injuries. She further testified that her current job search was limited due to her injuries. More importantly, she connected all of her injury complaints to the Target incident, and testified that she would undergo surgery if her symptoms did not improve.

12.

The original petition is subject to amendment upon motion of plaintiff at any time to assert damages greater than $75,000, exclusive of interest and costs. Likewise, La. C.C.P. art. 1468 allows withdrawal and/or amendment of a response to a request for admission, and here plaintiff specifically noted that she reserved the right to amend her admission to assert damages greater the $75,000 exclusive of interest and costs.

13.

Target has shown that now as of September 8, 2020, plaintiff asserts that the amount in controversy exceeds $75,000 exclusive of interest and costs. Prior to that date, plaintiff asserted that the damages did not exceed that amount, but now has testified that her complaints are getting worse without any improvement almost two years after the incident. A cervical surgery recommendation is an option plaintiff is seriously considering and the one year period for removal deadline based upon after acquired jurisdiction is forthcoming. As plaintiff has not entered into a judicial confession under article 1853 of the Louisiana Civil Code as to damages being less the $75,000, and has reserved the right to assert damages sufficient to meet this court's

jurisdiction, Target is informed and believes that the amount plaintiff will seek in the state court will be greater than $75,000 exclusive of interest and costs.

14.

While Target admits no liability, nor any element of damages, Target has met its burden of showing that as of September 8, 2020, the amount in controversy for Tamecia Frost's claims are in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs and may be properly removed to the United States District Court for the Middle District of Louisiana.

### B.    COMPLETE DIVERSITY

15.

Defendant Target is a foreign corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis. Therefore, Target is a citizen of the State of Minnesota. Named defendant XYZ Insurance Company is a fictitious defendant and therefore any alleged citizenship of same is disregarded under 28 U.S.C. § 1441.

16.

Plaintiff is domiciled in the Parish of Baton Rouge, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

17.

Accordingly, there is complete diversity of citizenship between the plaintiff and defendant.

18.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

19.

Defendant Target was served with the Petition for Damages through its registered agent for service of process on October 14, 2019. It was not readily ascertainable from the petition for damages whether the matter was removable at that time. The original petition only made general allegations of damages without information as to medical expenses, treatment rendered, and/or diagnosed conditions. Those generic allegations did not allow for removal at the time of service of same upon defendant. The petition made further allegations that the amount in controversy did not meet the threshold requirement for federal court jurisdiction.

20.

The "other papers" received by the defendant consisted of plaintiff's deposition testimony and/or transcript of same providing that the amount in controversy now exceeds $75,000 exclusive of interest and costs. Therefore, this Notice of Removal is being filed within thirty (30) days after first receipt by defendant of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of

removal is further being filed within one year of commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) (3) and 28 U.S.C. § 1446(c).

21.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

22.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

23.

No previous application has been made by defendant in this case for the relief requested herein.

24.

Defendant wishes to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Middle District of Louisiana. The claims that plaintiff, Tamecia Frost, now asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. Therefore, the claims which plaintiff, Tamecia Frost, have asserted in the state court proceeding

fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Middle District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

25.

Pursuant to 28 U.S.C. § 1446(a), a copy of the all pleadings filed in the state court proceeding are attached as exhibits. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Tamecia Frost, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

26.

Target Corporation of Minnesota, a/k/a Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Middle District of Louisiana, effecting a removal of that certain matter styled, "Tamecia Frost versus Target Corporation of Minnesota" suit number 689010, from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana.

27.

Defendant Target Corporation of Minnesota, a/k/a Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, is entitled to and hereby requests **trial by jury** of all issues herein.

WHEREFORE, defendant, Target Corporation of Minnesota, hereby removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully Submitted:
**LAWRENCE KNIGHT & CURLIN**
By:  /s/David P. Curlin
David P. Curlin (#20771)
John S. Lawrence, Jr. (#19678)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone:  (985) 674-4446
Fax:  (985) 674-4450
David@lawrence-knight.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Byron Hutchinson, attorneys for plaintiff*

/s/David P. Curlin